UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT NOWAKOWSKI,

                             Plaintiff,

        -against-                          **MEMORANDUM & ORDER**

                                                 13-cv-3709 (ENV) (LB)

THE PEOPLE OF THE STATE OF NEW
YORK,

                             Respondent.
-----------------------------------------------------------------x

**VITALIANO, D.J.,**

        On July 1, 2013 petitioner Robert Nowakowski, proceeding *pro se*, made this application for a writ of *habeas corpus*, challenging his state court conviction for harassment in the second degree. On October 9, 2013 respondent submitted a letter, in response to the Court's order to show cause, contending that the Court should dismiss the petition because Nowakowski has not yet exhausted all of his claims in state court. Petitioner now concedes that one of his claims is unexhausted, but nevertheless requests that the Court stay, rather than dismiss, his petition.

        A district court may grant an application for a writ of *habeas corpus* sought by a state convict only, if "it appears that the applicant has exhausted the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A); <u>Caravajal v. Artus</u>, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies.") Where a plaintiff brings a "mixed" petition—i.e. a petition

consisting of both exhausted and unexhausted claims—a court may dismiss the petition, or, in an exercise of its discretion, grant a stay. <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005). However, a district court may grant a stay only in "limited circumstances," namely where petitioner has demonstrated (1) "good cause" for his failure to exhaust, and (2) that his unexhausted claim is "plainly meritorious." <u>Id.</u> Here, petitioner has not demonstrated "good cause" for his failure to exhaust—indeed, he offers no explanation for his failure whatsoever. Accordingly, his petition is dismissed.

## Conclusion

The petition for a writ of habeas corpus is dismissed without prejudice.

The Clerk of Court is ordered to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   Brooklyn, New York
         November 7, 2013

                                             s/Eric N. Vitaliano
                                             _____
                                             **ERIC N. VITALIANO**
                                             **United States District Judge**