FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 30 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT NOWAKOWSKI,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-cv-3709 (ENV) (LB)

VITALIANO, D.J.,

    On July 1, 2013, petitioner Robert Nowakowski, proceeding *pro se*, made this application for a writ of *habeas corpus*, challenging his state court conviction for harassment in the second degree. The Court dismissed Nowakowski's petition without prejudice on November 8, 2013 (dkt. #10) in light of petitioner's representation that certain of his claims were unexhausted in state court. Then, on April 2, 2014, the Court re-opened this case after petitioner agreed to delete the unexhausted claims from his petition and proceed on his exhausted claims only.

    State records show that Nowakowski was convicted of second degree harassment on September 18, 2008 and was ordered to pay a fine of $100. Following various state court challenges, on May 14, 2013, at petitioner's request, the state court re-sentenced him to perform one day of community service and serve a one-year term of conditional discharge. That sentence, quite obviously, concluded on May 14, 2014 when the conditional discharge period expired. Respondent contends, as a result, that

1

the conclusion of Nowakowski's sentence renders his habeas petition moot.

Petitioner concedes, as he must, that his punishment is now complete and, therefore, he is not "in custody" for purposes of establishing federal habeas jurisdiction. (See April 14, 2014 Letter, dkt. #20.) The fact that Nowakowski's sentence has expired renders his petition moot and requires dismissal is clear, unless petitioner can demonstrate some sort of continuing collateral consequences resulting from his conviction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"); Razzoli v. United States Parole Comm'n, 116 Fed. Appx. 292, 292 (2d Cir. 2004) ("A prerequisite to maintaining a petition for a writ of habeas corpus . . . is that the petitioner is 'in custody' or 'detained.'")

Presumably aware of this prerequisite, Nowakowski focuses on his contention that dismissal of his petition will have "collateral consequences" on a separate 42 U.S.C. § 1983 lawsuit he has filed in this courthouse. He argues that, since the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994), forecloses an individual from pursuing a damages action unless he can establish the invalidity of his related conviction, dismissal of his habeas petition will work a double knockout. It is a dry hole. The Supreme Court has explicitly rejected the notion that potential impact on a § 1983 action constitutes a legitimate collateral consequence supporting habeas jurisdiction. See Spencer at 17 ("This is a great *non sequiter*, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available.") In any event, it is not even clear that dismissal will preclude petitioner from pursuing

his separately pending §1983 claims. See id. at 19 (Souter, J., concurring) ("*Heck* did not hold that a released prisoner in [petitioner's] circumstances is out of court on a § 1983 claim."); Poventud v. City of New York, 715 F.3d 57, 61-62 (2d Cir. 2013) ("Our Court has . . . repeatedly affirmed that Heck's favorable-termination requirement applies only to plaintiffs who are in custody, and that all other claimants—those who have no remedy in habeas—may pursue their claims under § 1983"), vacated en banc on other grounds, Poventud v. City of New York, 2014 U.S. App. LEXIS 864 (2d Cir. Jan. 16, 2014). Bathed in this light, whether or not Nowakowski has a pending § 1983 action arising out of the same nucleus of facts as the conviction that is the subject of the habeas proceeding has no effect on the propriety of dismissing that proceeding on the ground that the petitioner is no longer suffering the custody or collateral consequences requisite for federal habeas jurisdiction.

## Conclusion

The petition for a writ of habeas corpus is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for respondent and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 29, 2014

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

3